TEXTO COMPLETO DE LA SENTENCIA
La parte demandada-apelante, Rafael Montalvo Hernández, Felicita Ortíz Martínez y la Sociedad Legal de Gananciales compuesta por ellos (los apelantes), nos solicitan se revise la sentencia (titulada resolución) dictada por el Tribunal de Primera Instancia, Sala de Mayagüez el 27 de junio de 2001 y notificada el 2 de julio de 2001. Mediante esta, el tribunal declaró con lugar la sentencia sumaria parcial presentada por la parte demandante-apelada, Jaime Ramón Yordán, Sara Cestero Yordán y la Sociedad Legal de Gananciales compuesta por ambos (los apelados) y ordenó al Contador Partidor eliminar del Cuaderno Particional la partida de treinta y cinco mil dólares ($35,000.00) imputada a los apelados.
I
El caso de epígrafe se origina con la presentación de una demanda el 21 de julio de 1995, sobre división de comunidad de bienes instada por los apelados contra los apelantes. Alegaron que las partes son dueños en partes iguales y en común pro-indiviso de un inmueble situado en el Barrio Río Cañas Abajo en el municipio de Mayagüez. El referido inmueble contiene una casa de madera y zinc. Las participaciones sobre la referida propiedad fueron adquiridas por los apelados mediante la escritura número nueve (9) de Venta de Derechos y Acciones otorgada el 11 de junio de 1981. Los apelados señalaron que no deseaban permanecer en comunidad con los apelantes por lo que, les han requerido desde el 28 de agosto de 1994, la división y liquidación de la comunidad negándose los últimos a ello. Solicitaron se ordene la venta del inmueble en pública subasta y les adjudique a cada parte su participación correspondiente.
En la referida escritura, en su tercer inciso, se menciona la existencia de una hipoteca sobre la propiedad y adscrita por la suma de $38,000.00, la cual garantiza un precio aplazado y está representada a favor del portador con intereses al 8% anual, y con un crédito adicional de $3,800.00 fijados para costas, gastos y honorarios de abogado en caso de reclamación judicial. La referida suma fue asumida por los apelados. Además, en el inciso cinco de la misma escritura, las partes acordaron que sería de cuenta de los apelantes, toda contribución territorial que pesara sobre dicha propiedad hasta ese momento, y luego del otorgamiento de dicha escritura, *1064 todas las contribuciones serían pagadas por mitad por ambos matrimonios.
Dicha finca fue lotificada parcialmente en once lotes de terrenos, quedando al presente en comunidad entre las partes cuatro solares o lotes y un remanente.
Luego de varios términos concedidos por el tribunal para que los apelantes contestaran la demanda, el 13 de diciembre de 1995, comparecieron. Expresaron allanarse a la división de la comunidad reclamada. Solicitaron al tribunal que se designase un tasador licenciado para efectuar la tasación de la propiedad para la correspondiente liquidación.
El tribunal designó como tasador al Sr. Rafael Arcaya Cruzado, quien rindió su “Informe de Tasación”. Concluyó que el valor en el mercado de la propiedad al 27 de noviembre de 1998, era $373,000.00.
De otra parte, el tribunal de instancia designó al Ledo. Edgardo Delgado Brás como Contador Partidor. En su “Informe de Partición o Cuaderno Particional”, estableció que los apelados tienen un crédito a su favor en la referida comunidad de bienes para equipararlos a los apelantes debido a que estos últimos se adjudicaron para sí el solar número once. Computó los activos y pasivos de la comunidad. Luego de haber deducido el pasivo, determinó que el balance neto del activo corresponde por partes iguales a los esposos Yordán-Cestero y Montalvo-Ortíz. Dispuso que toda vez que ninguno de los comuneros interesa comprar la participación de los demás, es imperativo que las propiedades inmuebles que constituyen el activo bruto, sean vendidas en pública subasta por precio de tasación, y efectuada la venta y luego de pagadas las deudas que constituye el pasivo, o en su defecto de reembolsarle a las partes el pago de los pasivos que hayan hecho previamente y de aplicado los correspondientes créditos y débitos corresponde dividir el producto neto de la venta por partes iguales entre ambos matrimonios. Determinó que el principal de la hipoteca estaba reducido a la cantidad de treinta y cinco mil dólares ($35,000.00) al momento de rendir el informe. Ambos Informes fueron suministrados a las partes.
El 6 de junio de 2000, los apelantes radicaron “Objeción al Informe del Contador Partidor”, en el cual solicitaron se enmendara el Informe a los efectos de que se tome en consideración el hecho de que abonaron $1,692.01 al pago de las contribuciones. Además, argumentaron que le corresponde a los apelados pagar a Gladys Mamary de Carbonell la deuda. El tribunal celebró una Conferencia sobre el Estado de los Procedimientos, en la cual se discutió el Cuaderno Particional.
Varios días después de celebrada la Conferencia, los demandantes-apelados presentaron “Moción para que se Dictase Sentencia Sumaria Parcial”. Solicitaron que se dictara sentencia disponiendo que la partida de $35,000.00 correspondiente a la deuda hipotecaria fuera eliminada del Informe del Contador Partidor, por ser la misma inexistente toda vez que, no se inscribió en el Registro de la Propiedad. Así también, sostuvieron que dicha deuda está prescrita por lo que, procedía eliminarla del Informe. Por su parte, los apelantes se opusieron a la solicitud de sentencia sumaria parcial. Argumentaron que los apelados no se opusieron al Informe del Cuaderno Particional y es después de dicho Informe que presentan el planteamiento de prescripción de la causa de acción. Los apelados presentaron “Réplica a Oposición a Moción Solicitando se Dicte Sentencia Sumaria Parcial” y los apelantes la “Dúplica a Réplica a Oposición a Moción Sobre se Dicte Sentencia Sumaria Parcial”.
Atendidas las mociones presentadas, el tribunal de instancia dictó sentencia sumariamente por entender que la parte demandada no le demostró que existía controversia real sobre la deuda imputada a la parte demandante que amerite que sea ventilada en un juicio plenario. Determinó que conforme al Informe del Contador Partidor, la hipoteca no consta inscrita en el Registro de la Propiedad a tenor con el Art. 1774 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 5042 y la Ley Hipotecaria y del Registro de la Propiedad de 1979, 30 L.P.R.A. sec. 2607 por lo que, dicha hipoteca es inexistente. No obstante, el tribunal expresó que aún si la hipoteca estuviese inscrita, la parte apelante no puede reclamar pago sobre la mismo ya que, no existe en el Registro la anotación *1065 de pleito pendiente ni reclamación de cobro de dinero. El tribunal expresó que de asumir la inscripción de dicha hipoteca, la misma puede ser cancelada una vez transcurrido el término de 20 años de vencidas o constituidas a tenor con el Artículo 145 del Código Civil, 30 L.P.R.A. 2469. Determinó el tribunal que en el caso de autos .nose interrumpió el referido término debido a que, el reconocimiento de la deuda fue el 11 de junio de 1981 y no fue hasta el 6 de junio de 2000, que los demandados-apelantes hicieron su primer reclamo. De otra parte, el foro apelado dispuso que si el pagaré fuese uno mercantil, su término prescriptivo sería de 3 años, el cual también estaría prescrito. En la alternativa, el tribunal estableció que si el pagaré fuese de naturaleza no mercantil, también está prescrita por haber transcurrido el término de 15 años conforme al Artículo 1864 del Código Civil, supra. En resumen, determinó que la parte demandante-apelada reconoció la existencia de la deuda proveniente del pagaré al portador el día que se efectuó la Compraventa de Derechos y Acciones.mediante la escritura número 9 del 11 de junio de 1981, fecha en la cual comenzó a decursar el término prescriptivo. Sin embargo, no es hasta el 6 de junio de 2000, que los apelantes levantan por primera vez el reclamo de la alegada deuda ante la parte apelada. Determinó que tal reclamo no tuvo el efecto de interrumpir el término prescriptivo.
Inconformes, los apelantes presentaron “Moción de Reconsideración”: Adujeron que los apelados asumieron la obligación de pagar la cantidad en controversia mediante la escritura número 9, sin embargo, ahora pretenden argumentar mediante la solicitud de sentencia sumaria la inexistencia de dicha obligación hipotecaria. Transcurrido el término de diez (10) días sin que el tribunal de instancia emitiera orden sobre la referida moción, el 1 de agosto de 2001 la parte apelante recurrió ante este foro apelativo mediante el recurso KLCE-2001-01437, el cual desestimamos por prematuro. Posteriormente, nos presentaron moción de reconsideración, la cual también fue denegada. Luego de siete meses de haberse radicado la moción de reconsideración ante el foro de instancia, el tribunal dictó Orden señalando “Status Conference ”. El 22 de mayo de 2002, el foro de instancia denegó la moción de reconsideración. Oportunamente, radicaron el recurso que nos ocupa. Señalan que erró el Tribunal de Primera Instancia al: 1) dictar sentencia sumaria parcial ante un cuadro que requería presentación de prueba; 2) decretar prescrita una obligación en ausencia de los acreedores, parte perjudicada por la decisión judicial; 3) resolver sin recibir prueba que la interrupción del término prescriptivo por parte del deudor principal resultaba inoperante; y 4) acoger tardíamente el planteamiento de prescripción, a pesar de haberse reconocido la obligación a través de toda la tramitación del caso.
II
Los señalamientos de error segundo, tercero y cuarto se discuten de forma conjunta por estar estrechamente relacionados. La hipoteca es una garantía de naturaleza real, que se caracteriza por su accesoriedad y por su función aseguradora de una deuda en dinero. Vázquez Santiago v. Registrador, 137 D.P.R. 384, 388 (1994). El derecho de hipoteca es de carácter constitutivo. Ello implica que para que la garantía real de la hipoteca quede válidamente constituida se requiere que ésta se haya acordado en escritura pública y conste inscrita en el Registro de la Propiedad. Vázquez Santiago v. Registrador, supra; Rosario Pérez v. Registrador, 115 D.P.R. 491, 493 (1984); S.J. Credit, Inc. v. Ramírez, 113 D.P.R. 181, 188-189 (1982). Este principio está contenido en el Artículo 1774 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 5041, el cual dispone que para que la hipoteca quede válidamente constituida es indispensable que el documento en el que la garantía se constituye sea inscrito en el Registro de la Propiedad. Este principio se encuentra plasmado también en el Artículo 188 de la Ley Hipotecaria de 1979, 30 L.P.R.A. sec. 2607, que al respecto dispone lo siguiente:

“§2607. —Requisitos para su constitución

Para que las hipotecas voluntarias queden válidamente constituidas se requiere:

Primero: Que se hayan acordado en escritura pública.

Segundo: Que la escritura se haya inscrito en el Registro de la Propiedad. ”

*1066 El proceso de inscripción comienza con el asiento de presentación. Este asiento sólo tendrá validez si el Registrador de la Propiedad finalmente inscribe la hipoteca. La inscripción registral de la hipoteca representa el acto constitutivo mediante el cual la garantía que la hipoteca representa produce efectos reales y adviene eficaz frente a terceros (jerga omnes). Vázquez Santiago v. Registrador, supra.
El Art. 145 de la Ley Hipotecaria, 30 L.P.R.A. § 2469, ordena lo siguiente:

“A petición de parte, autenticada ante notario, los registradores cancelarán las hipotecas que tengan más de veinte años de vencidas o, si no tuvieron término de vencimiento, de constituidas, siempre que concurran las circunstancias siguientes:

(1) Que del Registro no conste la interposición de demanda o procedimiento alguno en cobro o ejecución del gravamen hipotecario.

(2) Que del Registro tampoco conste que a pesar del tiempo transcurrido, dicho gravamen se mantiene subsistente en virtud de cualquier reclamación, acto o reconocimiento que signifique la subsistencia de la hipoteca, por suspensión o interrupción de la prescripción liberatoria, u otra causa cualquiera. ”

Procede, pues, que consideremos cuál es el término prescriptivo dispuesto por nuestro ordenamiento para la figura del préstamo o pagaré. El término prescriptivo del pagaré mercantil, se rige por lo dispuesto en el artículo 946 del Código de Comercio, que dispone un término prescriptivo de tres años 10 L.P.R.A. see. 1908. De otra parte, el préstamo civil se rige por lo dispuesto en la cláusula residual para las acciones personales del artículo 1864 de nuestro Código Civil. Dicha disposición establece un término prescriptivo de quince años. 31 L.P.R.A. sec. 5294.
Ahora bien, la ley dispone y la jurisprudencia ha interpretado que los términos prescriptivos pueden ser interrumpidos. El efecto de estos mecanismos de interrupción es que el plazo de prescripción debe volver a computarse por entero desde el momento en que se produce el acto que interrumpe. Díaz de Diana v. A.J.A.S., 110 D.P.R. 471 (1980).
El fundamento de este mecanismo de interrupción de la prescripción lo estableció el Tribunal Supremo en Zambrana v. E.L.A., supra. Lo siguiente: "[LJa prescripción extintiva está basada en una presunción ‘juris tantum’ de abandono, que admite prueba en contra; la existencia de una voluntad manifestada y probada, contraria a la prescripción, destruye aquella presunción, quedando impedida su consumación."
A esos efectos, el artículo 941 del Código de Comercio dispone, que: "la prescripción se interrumpirá por la demanda u otro cualquier género de interpelación judicial hecho al deudor; por el reconocimiento de las obligaciones, o por la renovación del documento en que se funde el derecho del acreedor. 10 L.P.R.A.sec.1903.

De otra parte, el Artículo 1873 del Código Civil, 31 L.P.R.A. sec. 5303, establece que: "la prescripción de las acciones se interrumpe por su ejercicio ante los tribunales, por reclamación extrajudicial del acreedor y por cualquier acto de reconocimiento de la deuda por el deudor."

Como puede apreciarse, contrario al Código Civil, "el Código de Comercio, al ser más restrictivo en cuanto a la manera de interrumpir los términos prescriptivos, no reconoce la reclamación extrajudicial de la acción como método para interrumpir la prescripción." Pacheco v. Nat'l Western Life Ins. Co., 122 D.P.R. 55, 62 (1988). Así pues, las gestiones extrajudiciales que alega la parte apelante que hizo no interrumpieron el término prescriptivo aplicable. Ninguno de los tres actos requeridos para interrumpir el término se suscitaron por lo que la acción en cobro del pagaré esta prescrita.
*1067 En el caso de epígrafe, el tribunal de instancia, luego de evaluar toda la prueba, determinó que el pagaré es mercantil, entonces la acción quedó prescrita bajo las disposiciones del Código de Comercio, por haberse presentado la reclamación pasado el término prescriptivo de tres (3) años. Dicho término-no se-extendió por vía-de interrupción de acuerdo a las disposiciones del Artículo 941, Código de.Comercio, 10 L.P.R.A. sec. 1903.
En este caso, la hipoteca se constituyó el 11 de junio de 1981, fecha en que también se otorgó el pagaré, por lo tanto, prescribía a los 3 años, el 11 de junio de 1984. No obstante, no fue hasta el 6 de junio de 2000, que los apelantes hicieron su primer reclamación. No incidió eLTribunal de Instancia al determinar que la hipoteca había prescrito.
III
En el recurso, los apelantes señalan como primer error, que el. tribunal incidió al resolver mediante sentencia sumaria. Tampoco les asiste la razón.
Las Reglas 36.1 y 36.2 de Procedimiento Civil, 32 L.P.R.A. Apéndice III, permiten a los tribunales de primera instancia el dictar una sentencia mediante la cual dispongan total o parcialmente de determinada reclamación sin necesidad de celebrar un juicio en sus méritos. Piñero González v. A.A.A., 146 D.P.R. 899 (1998). La Regla 36.3 de Procedimiento Civil, supra, establece que la sentencia sumaria solicitada se dictará inmediatamente si las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas, si las hubiere, demostraren que no hay controversia real sustancial en cuanto a ningún hecho natural y que como cuestión de derecho debe dictarse sentencia sumaria a. favor de la parte promovente.
Es el propósito de la sentencia sumaria el aligerar los procedimientos en un caso cuando no existe ningún hecho esencial en controversia y, por lo tanto, sólo restan controversias de derecho a ser resueltas por el tribunal. Consejo Tit. C. Parkside v. MGIC Fin. Corp., 128 D.P.R. 538, 548 (1991)..Cuando exista una duda en cuanto la existencia de una controversia en un pleito el tribunal debe de desestimar la solicitud de sentencia sumaria. Corp. Presiding Bishop CJC of LDS v. Purcell, 117 D.P.R 714, 720 (1986). Por lo que la sentencia sumaria procede sólo cuando el promovente ha establecido su derecho con claridad y ha quedado demostrado que la otra parte no tiene derecho a recobrar bajo cualquier circunstancia que resulta discernible de las acciones que no hayan sido refutadas por la evidencia presentada con la moción. López Stubbe v. Lallande, 144 D.P.R. 774 (1998) y Corp. Presiding Bishop CJC of LDS v. Purcell, supra, pág. 720.
A tenor con el estado de derecho prevaleciente, la parte promovente tiene la carga procesal y evidenciada de probar que no existe controversia genuina de hecho a ser juzgada, correspondiendo al juzgador determinar si hay controversia de hecho sustancial. De existir duda en tomo a la existencia de una controversia real, nuestro ordenamiento pronuncia que ésta debe ser resuelta en contra de la parte que solicitó la sentencia sumaria.. Valcourt Questell v. Tribunal Superior, 89 D.P.R. 827 (1964).
Presentada una moción o sentencia sumaria, “la parte opositora está en la obligación de demostrar que tiene prueba para sustanciar sus alegaciones”. De no oponer dicha parte evidencia en contrario y proceder como cuestión de derecho la moción de sentencia sumaria interpuesta, es imperativo en justicia y derecho dictar sentencia sumaria en su contra. Mercado Vega v. U.P.R., 128 D.P.R. 274 (1991), Regla 36.4 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, Regla 36.3.
Procede el procedimiento sumario al caso que atendemos. Surge del Informe del Contador Partidor que la hipoteca objeto de controversia en este caso no consta inscrita en el Registro de la Propiedad. Por lo tanto, una escritura de hipoteca que no este inscrita en el Registro de la Propiedad no tiene existencia jurídica. La parte demandada-apelante tenía la obligación de demostrar que había controversia en cuanto a los hechos que hacía inmeritorio resolver mediante sentencia sumaria. Sin embargo, no fue así. Ante estos hechos, el tribunal de *1068 instancia tenía que considerar y resolver la moción de sentencia sumaria. No erró al resolver sumariamente la demanda.
IV
A tenor con los fundamentos antes expuestos, se confirma la sentencia dictada por el foro de instancia.
Lo acordó el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau Secretaria General