FERNANDO BEIRÓ GONZÁLEZ, demandante y apelado, *v.* AGUSTÍN VÁZQUEZ OCAÑA, JULIO VÁZQUEZ OCAÑA, MARÍA OCAÑA por sí y como madre con patria potestad sobre sus menores hijos CÉSAR, MATEO, AURORA, AMELIA, HÉCTOR y CARMEN MARÍA VÁZQUEZ OCAÑA, demandados y apelantes.

Núm. 7301.—*Sometido:* Diciembre 8, 1937.—*Resuelto:* Febrero 4, 1938.

*M. Guzmán Texidor,* abogado de los apelantes; *Fernando Beiró Rovira,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Fernando Beiró demandó en cobro de dinero en la Corte de Distrito de Guayama a Agustín y Julio Vázquez Ocaña y a

María Ocaña por sí y como madre con patria potestad sobre sus menores hijos César, Mateo, Aurora, Amelia, Héctor y Carmen María Vázquez Ocaña.

Alegó substancialmente que en octubre 24, 1928, para junio 30, 1929, Cándido Carrasquillo firmó un pagaré a la orden del portador por endoso, por seiscientos dólares, intereses al diez por ciento anual y ciento cincuenta dólares más para costas en caso de tener que recurrirse a la vía judicial para su cobro, garantizándolo con primera "hipoteca" sobre una finca rústica de ocho cuerdas.

Que Carrasquillo endosó y entregó el pagaré al demandante que lo tiene en su poder, sin que le satisficiera su importe a su vencimiento ni después;

Que luego de otorgado el documento, Carrasquillo adquirió otras parcelas colindantes con la hipotecada y formó por agrupación una finca de diez y seis cuerdas que vendió por escritura pública en septiembre 3, 1933, a los demandados, haciéndose constar en la escritura que una porción de la finca de ocho cuerdas estaba gravada en garantía del pagaré;

Que los compradores demandados se hicieron cargo del pago de la hipoteca reservándose parte del precio para ello, de acuerdo con lo convenido en documento privado otorgado en julio 29, 1930, por Mateo Vázquez, esposo de la demandada María Ocaña y padre de los otros demandados, fallecido a la fecha de la escritura;

Y que vencida la obligación el demandante requirió de pago sin resultado, primero a Carrasquillo y luego a los demandados por lo que acude a la vía judicial para el cobro de la misma.

Contestaron los demandados negando que todos ellos aceptaran la escritura de venta de septiembre 3, 1933; que se hicieran cargo del pago del pagaré hipotecario; que sean los únicos herederos de Mateo Vázquez, y alegaron que el documento privado de julio 9, 1930, fué dejado sin efecto.

Como defensas especiales adujeron que la demanda no contenía hechos suficientes para basar una buena causa de

acción y que la acción ejercitada había prescrito de acuerdo con el artículo 950 del Código de Comercio.

Fué el pleito a juicio y la corte lo resolvió finalmente por sentencia de agosto 1, 1935, condenando a los demandados a pagar al demandante las sumas reclamadas.

Apelaron los demandados. Sostienen que la corte erró al estimar suficiente la demanda, al fundar su sentencia en el documento privado de julio 29, 1930, al apreciar la evidencia y al dictar sentencia condenatoria sin especificar que sólo podía hacerse efectiva en la porción de ocho cuerdas de la finca que fué hipotecada.

██ En la opinión que emitiera para basar su sentencia el juez sentenciador se expresó, en parte, como sigue:

"De toda la evidencia presentada en este caso, puede fácilmente llegarse a la conclusión de que Don Cándido Carrasquillo contrajo una obligación de pagar con el Sr. Fernando Beiró y que don Mateo Vázquez, que es el esposo de María Ocaña y padre de los demás demandados, reconoció en el documento privado de fecha 29 de julio de 1930, la obligación que tenía Carrasquillo de llevar a cabo dicho pago, comprometiéndose a verificar el mismo a don Fernando Beiró con las cantidades que le restaban por pagar del precio de la finca. Aceptación y compromiso que habiendo sido hecho por don Mateo Vázquez y en documento privado es obligatorio para su esposa e hijos, ya que éstos no son nada más que continuadores de la personalidad del causante en todos los derechos y obligaciones.

"Se alega por los demandados que a virtud de la escritura núm. 79 de 13 de septiembre de 1933, don Cándido Carrasquillo y doña María Ocaña por su propio derecho y a nombre de sus hijos los ya mencionados, y por la cláusula quinta de dicho documento, dejaron sin efecto ni valor legal alguno las obligaciones contraídas en la estipulación o documento privado de 29 de julio de 1930. Pero es el caso de que en este documento figuraban como partes contratantes principalmente los comparecientes en dicha escritura, don Cándido Carrasquillo y doña María Ocaña y además don Arturo García Beiró como apoderado de don Fernando Beiró. Por dicho contrato se crearon ciertos y determinados derechos a favor del Sr. Fernando Beiró, o sea que el mismo cobraría su crédito con el resto del precio de la venta, sin cuyo requisito y condición no podría consumarse la venta ni otorgarse la oportuna escritura, salvo que de otro modo lo

acordare y autorizara la mercantil acreedora, o sea Fernando Beiró. Habiendo tomado posesión don Mateo Vázquez a virtud de dicha estipulación privada, de la finca en cuestión.

"Y dados los términos de esa estipulación privada, nosotros preguntamos ahora: ¿Puede dejarse sin efecto la misma por convenio única y exclusivamente del comprador y el vendedor, sin intervención ninguna de Fernando Beiró, cuyos derechos nacidos por razón del referido contrato quedan perjudicados y sin amparo a virtud de la rescisión ameritada? A nuestro entender, no.

"Para que la referida estipulación hubiese perdido su fuerza y valor contractual a virtud de dicha rescisión, hubiese sido necesario que en la rescisión hubiesen comparecido todas las partes interesadas, lo que no ha ocurrido en el presente caso.

"Pero aún aceptando hipotéticamente que dicho documento privado hubiera perdido toda su fuerza y valor legal, tenemos además que los demandados aceptaron y se comprometieron a pagar las cantidades adeudadas a Beiró, según las manifestaciones hechas ante esta Corte por el vendedor Sr. Cándido Carrasquillo así como por don Arturo García Beiró, apoderado de Fernando Beiró.

"Y si de la prueba presentada aparece que los demandados, bien sea por la obligación que contrajo su causante, don Mateo Vázquez, o bien directamente reconocieron la deuda de Beiró y aceptaron pagar el importe de la misma, es claro que existe una buena y justa causa de acción en favor del demandante para el cobro de su crédito y contra los citados demandados. Pudiendo verse en este particular los casos de *Fernández* v. *Luyando,* 46 D.P.R. 687; *Luyando v. Díaz,* 46 D.P.R. 691, 695, y *Trautman* v. *P. R. Ore Co.,* 46 D.P.R. 775, en los cuales nuestra Corte Suprema ha estudiado y resuelto esta cuestión, estableciendo la obligación en que está el adquirente de una finca hipotecada de pagar al acreedor el importe de la obligación hipotecaria, cuando el adquirente reconoce dicha hipoteca y se compromete al pago de la misma.".

Se ve, pues, que el fundamento principal en que descansa la sentencia recurrida es el documento privado otorgado por el causante de los demandados. Dicho documento, sobre cuya autenticidad no hay cuestión, copiado a la letra en lo pertinente dice:

"En Cayey, Isla de Puerto Rico, a los veintinueve días de julio, de mil novecientos treinta, celebran contrato privado de estipulación, promesa de venta y anticipo de pago, de una parte y como ven-

dedor, don Cándido Carrasquillo, . . . De otra parte y. como comprador, Don Mateo Vázquez, . . . Y de otra parte, don Arturo García Beiró, . . . en su carácter de apoderado de la mercantil 'Fernando Beiró', de Guayama, . . . Las partes contratan y se obligan haciendo constar: 1. Don Cándido Carrasquillo, que es dueño de una finca rústica compuesta de diez y seis cuerdas de terreno y setenta y siete céntimos de otra, situada en el barrio de Toita, de Cayey, . . .—2. Que la descrita finca soporta un gravamen hipotecario por la suma de $679, además de los intereses al tipo convenido, a favor de la mercantil 'Fernando Beiró', de Guayama, y que de la descrita finca se está tramitando un expediente de dominio, ante la Corte de Distrito de Guayama, y que, don Mateo Vázquez ha convenido comprar dicha finca después de inscrita, y sin gravámenes por la suma convenida de $1,900.—3. Por virtud de lo expuesto anteriormente, don Cándido Carrasquillo, expresamente se obliga a vender y promete venderle a don Mateo Vázquez, la finca en este contrato descrita con todo cuanto encierra, libre de cargas e inscrita, tan pronto como se termine el expediente de dominio de la misma en tramitación, y don Mateo Vázquez, a su vez se obliga a comprar dicha finca, en las condiciones referidas, por el precio convenido como se deja indicado de mil novecientos dólares; de cuya suma, paga y entrega en este acto al vendedor, la suma de ochocientos dólares, quien la recibe a su satisfacción en moneda legal de los EE. UU. otorgando formal carta de pago por dicho anticipo, a favor del comprador.—4. Del restante del precio de esta venta, se procederá a pagar a la mercantil 'Fernando Beiró', de Guayama, la suma importe de la hipoteca que se le debe y que garantiza dicha finca, sin el cual requisito y condición previamente cumplido, no podrá con sumarse la venta ni otorgarse la oportuna escritura, salvo que de otro modo lo acordare o autorizare la mercantil acreedora.—5. Don Cándido Carrasquillo, don Mateo Vázquez y don Arturo García Beiró, en la representación que ostenta, expresamente aceptan, aprueban y ratifican en todas sus partes el contenido íntegro de este documento, y todos convienen en que el comprador don Mateo Vázquez entre hoy en posesión de la finca descrita . . .''

Tanto en las alegaciones, como en los documentos otorgados por las partes y en la opinión de la corte sentenciadora, se habla de hipoteca, pero ésta en verdad nunca llegó a constituirse válidamente porque el artículo 1774 del Código Civil (ed. de 1930) dispone que ''Además de los requisitos exigi-

dos en el artículo 1756, es indispensable, para que la hipoteca quede válidamente constituída, que el documento en que se constituya sea inscrito en el registro de la propiedad'' y aquí la ''hipoteca'' no pudo llegar a inscribirse por no estar inscrito el inmueble sobre el cual se constituyó.

Esta circunstancia complica la solución del problema pues de otra suerte gravada la finca sobre ella continuaría pesando el gravamen hasta la total extinción de la obligación garantizada y el dueño del pagaré hubiera podido dirigir su acción contra el inmueble demandando a su dueño cualquiera que éste fuere.

Así lo intentó el demandante al pedir que se decretara la ejecución de la sentencia que se pronunciare a su favor mediante venta en pública subasta de la finca hipotecada, pero la corte se limitó a dictar sentencia condenando a los demandados a pagar la suma reclamada como si se tratara de una obligación personal asumida primero por su causante y luego por ellos mismos al otorgar la escritura de septiembre 13, 1933. Y el demandante aceptó la sentencia en los términos en que fué dictada, siendo los demandados los que a virtud del último de sus señalamientos de error sostienen que debió especificarse en todo caso en la sentencia que ésta podría hacerse efectiva sólo en la porción de ocho cuerdas gravada especialmente y no en la totalidad de la finca de diez y seis.

A nuestro juicio la corte de distrito supo encontrar la verdadera solución del problema. Es el documento privado otorgado por el causante de los demandados en 1930 el que queda en pie, y de él surge clara, terminante, la obligación actual de los demandados como responsables de los actos de su causante. La escritura de 1933 tiende a obscurecer el problema, pues no siguió en un todo los términos del documento de 1930, pero como para variarlos no estaban autorizados los contratantes Carrasquillo y Vázquez, éste actuando por sus herederos, sin el consentimiento del otro contratante Beiró, claro es que la desviación que se advierte no daña los derechos de Beiró.

El convenio de 1930 fué más que una promesa de venta. Por él el dueño de la finca de diez y seis cuerdas de que se trata, Carrasquillo, convino en venderla y de hecho la vendió a Vázquez por $1,900 de los cuales Vázquez pagó a Carrasquillo $800, y como Carrasquillo debiera a Beiró la suma de $679 e intereses y hubiera "hipotecado" parte de la finca para garantizar esa deuda, se convino en que el resto del precio se destinaría a pagar el crédito de Beiró. Y no sólo eso fué lo pactado, si que se convino además en que Vázquez entraría el mismo día en posesión de la finca así comprada. Y en la posesión entró y se encuentran actualmente sus herederos que están obligados a cumplir el compromiso de su causante, esto es, a pagar con el resto del precio ascendente a mil cien dólares lo debido por Carrasquillo a Beiró, y eso es exactamente lo que Beiró reclama en este pleito.

A estas conclusiones se llega aún con mayor convicción después de pesadas las declaraciones de Cándido Carrasquillo y Arturo García, testigos presentados en el acto del juicio por el demandante.

En tal virtud no creemos que se cometiera por la corte ninguno de los errores señalados y estando su sentencia ajustada a los hechos y a la ley, *debe confirmarse, declarándose sin lugar el recurso interpuesto contra ella.*

El Juez Asociado Señor Córdova Dávila no intervino.