JUAN B. ROSARIO PÉREZ, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE BARRANQUITAS, recurrido.

*Número:* O-83-748        *Resuelto:* 4 de junio de 1984

*Héctor A. Colón Cruz,* abogado del peticionario; el Registrador recurrido compareció por escrito.

PER CURIAM: El Registrador de la Propiedad de Barranquitas denegó la inscripción de una escritura sobre constitución de hipoteca otorgada el 17 de marzo de 1981 y presentada al Registro el 3 de febrero de 1983 porque días antes, el

27 de enero del mismo año, se había presentado mandamiento de embargo con prohibición de enajenar gravado sobre el mismo inmueble.[1] Fundó el registrador su resolución en el Art. 125 de la Ley Hipotecaria de 1979 (30 L.P.R.A. sec. 2414), y en el Art. 123.1 del Reglamento Hipotecario.

El recurrente impugna ante nos la actuación del registrador y pretende que se le dé acceso al Registro a una escritura de hipoteca presentada con posterioridad a una anotación de embargo con prohibición de enajenar en abierta contradicción con el Art. 125 de la Ley Hipotecaria, el cual expresamente provee:

> Podrán registrarse los títulos en que se enajenen o graven bienes inmuebles anotados sin perjuicio del derecho de la persona a cuyo favor se haya hecho la anotación, *siempre que su enajenación no esté prohibida o, estándolo, se trate de ventas en ejecución de derechos registrados con anterioridad.*
>
> Si antes que el acreedor haga efectivo su crédito, pasare el bien o derecho anotado a manos de un tercer poseedor o subadquirente, éste, acreditando su título, podrá pedir que se le exhiban los autos en la Secretaría y el Tribunal lo acordará así sin paralizar el curso del procedimiento, disponiendo a la vez que se entiendan con él los trámites ulteriores, como subrogado en el lugar y grado del deudor, pero sólo en cuanto a los efectos de la ejecución del bien o derecho anotado.
>
> Los adquirentes anteriores a la anotación podrán inscribir sus títulos e instar las acciones adecuadas para hacer valer sus derechos, sin perjuicio de lo dispuesto en las secs. 2403 y 2473 de este título. (Énfasis nuestro.)[2] 30 L.P.R.A. sec. 2414.

---

[1] El 7 de marzo de 1983 se anotó el embargo con prohibición de enajenar y el 28 de octubre próximo se denegó la inscripción de la escritura sobre constitución de hipoteca.

[2] Por su parte dispone el Art. 123.1 del Reglamento Hipotecario:
"No se registrarán gravámenes o transferencia de fincas o derechos gravados con secuestro o prohibición de enajenar, aunque sea el título presentado anterior a la orden que causó la anotación preventiva. En este caso el titular anterior podrá solicitar del Tribunal orden para cancelar el gravamen siempre que el anotante sea citado con oportunidad de ser oído." *Reglamento para la ejecución de la Ley Hipotecaria y del Registro de la Propiedad de 1979*, Puerto Rico, Ed. Colegio de Abogados, 1980, pág. 70.

■ Conforme esta disposición, la prohibición de enajenar por orden judicial, en tanto se halle vigente y a partir de su presentación, constituye un obstáculo a la inscripción de actos contrarios a ella. R. M. Roca Sastre, *Derecho Hipotecario*, Barcelona, Ed. Bosch, 1968, T. II, pág. 718. Su naturaleza interdictal impide la inscripción de actos dispositivos como lo es la hipoteca. Roca Sastre, *op. cit.*, pág. 726. Sin embargo, los actos dispositivos otorgados con anterioridad a la anotación no están afectados por ésta, como tampoco los actos dispositivos posteriores basados en la venta en ejecución de derechos registrados con anterioridad. Véase, Roca Sastre, *op. cit.*, págs. 729-730; T. IV, Vol. I, pág. 151.

■ Debemos recordar que la garantía de un crédito personal no se constituye en garantía real —hipoteca— hasta que es inscrita en el Registro.[3] Al respecto dispone nuestro Código Civil en su Art. 1774:

> Además de los requisitos exigidos en la sec. 5001 de este título es indispensable, para que la hipoteca quede válidamente constituida, que el documento en que se constituya sea inscrito en el registro de la propiedad. 31 L.P.R.A. sec. 5042.

Véanse, además, *S. J. Credit, Inc.* v. *Ramírez*, 113 D.P.R. 181 (1982); *Gaztambide* v. *Sucn. Ortiz*, 70 D.P.R. 412 (1949); *Beiró* v. *Vázquez*, 52 D.P.R. 601 (1938). J. Puig Brutau, *Fundamentos de Derecho Civil*, Barcelona, Ed. Bosch, 1974, T. III, pág. 61; J. L. Lacruz Berdejo, F. A. Sancho Rebullida, *Derecho Inmobiliario Registral*, Barcelona, Ed. Bosch, 1968, pág. 131 y ss.; Arts. 155 y 187 de la Ley Hipotecaria de 1979 (30 L.P.R.A. secs. 2551 y 2606).

■ Igual requisito exige la nueva Ley Hipotecaria en su Art. 188.

---

[3] Originalmente la inscripción de la hipoteca no tenía carácter constitutivo bajo la Ley Hipotecaria española de 1861 ni antes. Desde la aprobación del Código Civil español en 1889, en su Art. 1.875, Art. 1774 del nuestro, es que se exige la inscripción de la hipoteca para que quede válidamente constituida. La reforma a la Ley Hipotecaria española de 1909 recogió la regulación del Código Civil. J. L. Lacruz Berdejo, F. A. Sancho Rebullida, *Derecho Inmobiliario Registral*, Barcelona, Ed. Bosch, 1968, pág. 131.

Para que las hipotecas voluntarias queden válidamente constituidas se requiere:

Primero: Que se hayan acordado en escritura pública.

Segundo: Que la escritura se haya inscrito en el Registro de la Propiedad. 30 L.P.R.A. sec. 2607.

■ La inscripción es, pues, el acto constitutivo mediante el cual la garantía produce efectos reales y adviene eficaz *erga omnes* al ámbito de los derechos reales. Roca Sastre, *op. cit.*, T. I, pág. 199 y ss.; T. IV, Vol. 2, pág. 668 y ss.; Puig Brutau, *op. cit.*, T. III, Vol. I, pág. 118 y ss. Sin embargo, la escritura de hipoteca produce efectos importantes, especialmente en el régimen de prelación de créditos establecido en el Código Civil, Art. 1811 y ss., 31 L.P.R.A. sec. 5171 y ss.; Roca Sastre, *op. cit.*, pág. 206, esc. 1. Mas éste no es el recurso apropiado para dirimir tales efectos.

El recurrente aduce lo resuelto en *Segarra* v. *Vda. de Lloréns*, 99 D.P.R. 60 (1970), para justificar la inscripción de la escritura de hipoteca. Pierde de vista que allí se trataba de un derecho real de dominio surgido extraregistralmente en virtud de una compraventa y la correspondiente tradición, con anterioridad a la anotación preventiva. Art. 1048 C.C., 31 L.P.R.A. sec. 3012; *Segarra* v. *Vda. de Lloréns*, supra, pág. 73 y ss. En ausencia de la entrega del inmueble, ya fuera física o simbólica, no se hubiese podido reconocer la enajenación del inmueble. Lacruz Berdejo, Sancho Rebullida, *op. cit.*, pág. 263, esc. 4(c).

■ No estamos aquí ante un acto dispositivo anterior a la anotación, pues el contrato de hipoteca no se había inscrito, y por consiguiente, la garantía real de hipoteca no se había constituido.[4] Tampoco se trata de un acto dispositivo basado en la ejecución de derechos registrados con anterioridad. Excluidas así las excepciones a la regla general del

---

[4] No tenemos que resolver la vigencia del Art. 123.1 del Reglamento Hipotecario, *ante*, en cuanto al requisito de autorización judicial para inscribir un derecho real anterior a la orden que causó la anotación preventiva de secuestro o prohibición de enajenar, presentado con posterioridad a ésta.

cierre del registro ante una prohibición de enajenar judicial, carece el registrador de autoridad para inscribir el acto dispositivo posterior.

*Se confirma la calificación del Registrador.*