EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Gustavo E. Haedo Castro, su esposa Noemí López Basearrechea y la Soc. Legal de Gananciales compuesta por ambos Representado por Vidal Pérez Cotto<br><br>Recurridos<br><br>v.<br><br>Aníbal Roldán Morales, su Esposa Carmen Luisa Rodríguez Roldán, y la Sociedad Legal de Gananciales compuesta por ambos<br><br>Peticionarios | Certiorari<br><br>2019 TSPR 176<br><br>203 DPR ____ |

Número del Caso:  CC-2017-0315


Fecha: 17 septiembre de 2019


Tribunal de Apelaciones:

        Región Judicial de Caguas y Utuado

Abogada de la parte peticionaria:

    Lcda. Daisy Calcaño López

Abogado de la parte recurrida:

    Lcdo. Iván Antonio Rivera Reyes

Materia: Obligaciones y Contratos: Es ineficaz una disposición contractual en la que los contratantes renuncien a los plazos prescriptivos fijados en ley, para lo sucesivo.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Gustavo E. Haedo Castro, su
esposa Noemí López Basearrechea
y la Soc. Legal de Gananciales
compuesta por ambos Representado
por Vidal Pérez Cotto

   Recurridos

                v.                      CC-2017-315   Certiorari

Aníbal Roldán Morales, su
Esposa Carmen Luisa Rodríguez
Roldán, y la Sociedad Legal de
Gananciales compuesta por ambos

   Peticionarios

Opinión del Tribunal emitida por el Juez Asociado señor COLÓN PÉREZ.

En San Juan, Puerto Rico a 17 de septiembre de 2019.

En el presente caso nos corresponde pasar juicio sobre la validez de cierta cláusula contractual -- suscrita en un instrumento negociable -- mediante la cual las partes contratantes renuncian a los términos prescriptivos fijados en ley.

Adelantamos que, luego de un detenido examen de la cláusula en cuestión, así como de la normativa que gobierna estos asuntos, es forzoso concluir que, en nuestra jurisdicción, una disposición contractual mediante la cual las partes contratantes renuncian a los términos prescriptivos fijados en ley, para lo sucesivo, es una ineficaz. Veamos.

I.

Los hechos esenciales no están en controversia. El 18 de diciembre de 2015, el señor Gustavo E. Haedo Castro, su esposa, la señora Noemí López Basearrechea y la sociedad legal de gananciales compuesta por ambos (en adelante "el matrimonio Haedo López") presentaron una demanda en cobro de dinero y ejecución de hipoteca en contra del señor Aníbal Roldán Morales, su esposa, la señora Carmen Luisa Rodríguez Roldán y la sociedad legal de gananciales compuesta por ambos (en adelante "el matrimonio Roldán Rodríguez").[1]

En la demanda, el matrimonio Haedo López argumentó que, allá para el 21 de septiembre de 1993, éstos y el matrimonio Roldán Rodríguez otorgaron, ante notario público, un pagaré al portador con vencimiento a la presentación. En el concerniente instrumento negociable, el matrimonio Roldán Rodríguez se obligó a pagar la suma principal de $30,000.00 más intereses desde esa fecha hasta el pago del principal a razón de 7% de interés anual sobre el balance adeudado, recargos por mora, y el pago de costas, gastos y honorarios de abogado en caso de una futura reclamación judicial. En esa misma fecha -- como garantía del referido pagaré -- el matrimonio Roldán Rodríguez

---

[1] Previamente, el 14 de diciembre de 2014, el matrimonio Haedo López había presentado una demanda contra el matrimonio Roldán Rodríguez por la misma controversia del presente auto. En aquella ocasión, la causa fue desestimada sin perjuicio por el Tribunal de Instancia, ello ante el incumplimiento y la falta de interés del matrimonio Haedo López.

constituyó una hipoteca voluntaria mediante escritura pública.

Además, en su demanda los Haedo López alegaron ser los tenedores de buena fe del pagaré objeto de la reclamación y que el matrimonio Roldán Rodríguez incumplió con su obligación de satisfacer los pagos mensuales del principal y de los intereses acordados. Por tal razón, solicitaron el pago de la suma principal adeudada, los intereses, cargos, gastos de la reclamación judicial y la venta en pública subasta de la garantía hipotecaria. Cabe señalar que, en sus alegaciones, el matrimonio Haedo López no indicó las fechas en las cuales se debieron realizar los referidos pagos mensuales y éstas no surgen del pagaré suscrito. **Además, ninguna de las partes ha establecido la fecha en la cual el referido pagaré se presentó para el cobro.**

Así las cosas, y luego de varios incidentes procesales no necesarios aquí pormenorizar, el 16 de febrero de 2016 el señor Roldán Morales presentó una *Moción de desestimación por prescripción*.[2] En la misma, sostuvo que la escritura de constitución de hipoteca a la que hicieron referencia los demandantes fue presentada en el Registro de la Propiedad el día 4 de diciembre de 2014, o sea veintiún (21) años y tres (3) meses desde el momento en que fue otorgada, y que al momento de ser presentada la demanda

---

[2] El 21 de enero de 2016, la representación legal del señor Roldán Morales notificó al Tribunal de Primera Instancia que la esposa de éste había fallecido.

ésta sólo gozaba de un asiento de presentación y no de su inscripción en el Registro de la Propiedad. Así pues, arguyó que, al no haberse inscrito la hipoteca dentro del término de veinte (20) años luego de haber sido otorgada, y habiendo transcurrido el término prescriptivo para exigir el cumplimiento de un pagaré sin garantía hipotecaria, la reclamación sobre el pagaré estaba prescrita.

Para sostener dichas alegaciones, el señor Roldán Morales se fundamentó en que a la controversia de autos le aplicaba lo resuelto por esta Curia en *Westernbank Puerto Rico v. Registradora*, 174 DPR 779 (2008). Adujo que en dicho caso este Tribunal resolvió que, conforme al Art. 2-118 de la Ley de Instrumentos Negociables, 19 LPRA sec. 518, un crédito evidenciado en un pagaré hipotecario, vencedero a la presentación, era exigible en cualquier momento, pero nunca en exceso del término de veinte (20) años para el ejercicio de la acción hipotecaria establecido en el Artículo 1864 del Código Civil, 31 LPRA sec. 5294.

**Posteriormente, el matrimonio Haedo López se opuso a la moción de desestimación. Al así hacerlo, sostuvo que el pagaré otorgado por el matrimonio Roldán Rodríguez contenía una renuncia a cualquier término prescriptivo.**[3] Además,

---

[3] La referida cláusula establecía lo siguiente:

> **Renunciamos a la presentación, protesto, y aviso de no haber sido honrado este Pagaré y asimismo renunciamos a la Leyes de Prescripción que puedan favorecernos** y nos sometemos a la jurisdicción de los Tribunales que el tenedor elija en caso de ejecución o reclamación judicial. (Énfasis suplido) Apéndice del *certiorari*, pág. 81

señalaron que la norma en *Westernbank Puerto Rico v. Registradora*, *supra*, establecía que el término de prescripción de veinte (20) años se iniciaba desde que se inscribía la hipoteca -- no desde que se otorgaba la misma --, por lo cual ésta no estaba prescrita.

Oportunamente, el Tribunal de Primera Instancia declaró no ha lugar la *Moción de desestimación por prescripción*. Igual suerte sufrió una posterior moción de reconsideración, en la cual, esencialmente, se formularon los mismos argumentos.

Inconforme, el señor Roldán Morales instó un recurso de *certiorari* ante el Tribunal de Apelaciones en el cual solicitó se revocara la *Resolución* emitida por el Tribunal de Primera Instancia. En síntesis, planteó que dicho foro erró al declarar no ha lugar la *Moción de desestimación por prescripción*. Esto, al no considerar la dejadez y falta de diligencia del acreedor, quien, luego del término de veinte (20) años de otorgada la escritura en cuestión, presentó la misma para su inscripción. Acogido el referido recurso por el foro apelativo intermedio, el matrimonio Haedo López presentó el alegato de oposición correspondiente.

Evaluados los alegatos de ambas partes, el Tribunal de Apelaciones dictó *Sentencia*. Al así hacerlo, concluyó que: (1) según la Ley de Transacciones Comerciales, *infra*, el término aplicable para la correcta disposición de las controversias ante su consideración era el de veinte (20)

años y que, conforme a la jurisprudencia aplicable, el plazo es a partir de la inscripción en el Registro de la Propiedad y no a partir de la fecha de otorgamiento de la hipoteca; y **(2) que la cláusula del pagaré que contenía una renuncia a las leyes de prescripción era válida.** De esta forma, determinó que la causa de acción no estaba prescrita y confirmó el dictamen recurrido.

Insatisfecho con lo resuelto por el Tribunal de Apelaciones, el señor Roldán Morales acude ante nos mediante recurso de *certiorari*. En el mismo, bajo fundamentos similares a los esbozados ante el foro primario y el foro apelativo intermedio, solicita que revoquemos el dictamen recurrido. Por su parte, el matrimonio Haedo López replicó alegando que el señor Roldán Morales no puede beneficiarse del término prescriptivo dispuesto en ley para este tipo de caso, toda vez que renunció al mismo mediante pacto expreso y válido. En la alternativa, argumentaron que no se debería aplicar retroactivamente la Ley de Transacciones Comerciales, *infra*, y que para poder dilucidar el planteamiento de prescripción era necesario que el caso continuase su procedimiento ordinario.

Trabada así la controversia, luego de haberse expedido el auto solicitado y con la conveniencia de la comparecencia de ambas partes, procedemos a resolver.

II.

A.

Sabido es que un instrumento negociable consiste en un documento de crédito que incorpora el derecho a cobrar una suma de dinero, al cual el Derecho Cambiario le confiere una especial facilidad de circulación. *Desarrolladora Caribe, S.E. v. Ven-Lour Enterprises, Inc. et als.,* 198 DPR 290, (2017); *Cruz Consulting v. El Legado et al.,* 191 DPR 499, 509-10 (2014) (citando a M. Garay Aubán, *Derecho Cambiario* 1 (1999)). En particular, un pagaré al portador representa un crédito a ser pagado a la persona que tenga el título en su poder, al que lo presenta -- sea quien fuere -- toda vez que el mismo se transmite por la simple entrega, sin ser necesario su endoso ni formalidad alguna. *FDIC v. Registrador,* 111 DPR 602 (1981). Ello, pues, en el mismo no consta expresamente el nombre del titular y al momento de su constitución no se determina la identidad del acreedor. *Íd.*

Establecido lo anterior, como cuestión de umbral, es menester señalar aquí que el pagaré objeto del presente litigio fue otorgado y entregado en el año 1993, esto previo a la aprobación y vigencia en Puerto Rico de la Ley de Transacciones Comerciales, Ley Núm. 208 de 17 de agosto de 1995, 19 LPRA sec. 401 *et seq.*[4]; estatuto que establece que

---

[4] Mediante la aprobación de la Ley de Instrumentos Negociables y Transacciones Bancarias, Ley Núm. 208-1995, *supra*, la Asamblea Legislativa derogó la Ley Uniforme de Instrumentos Negociables de 1930, 19 LPRA secs. 1-386 (ed. 1989) y adoptó en nuestra jurisdicción ciertos

sus disposiciones son aplicables a transacciones efectuadas y eventos ocurridos a partir del 1 de enero de 1998. 19 LPRA sec. 401 n. Sobre lo anterior no hay controversia.

Así pues, para fines de la correcta disposición de los asuntos ante nuestra consideración, haremos referencia a la Ley Uniforme de Instrumentos Negociables de 22 de abril de 1930 (en adelante "LIN"), la cual se encontraba vigente al momento del otorgamiento del referido instrumento. 19 LPRA secs. 1-386 (ed. 1989). **Ahora bien, la LIN no contenía disposición alguna relacionada a la prescripción.**

Para atender el vacío al que hemos hecho referencia, y similar a como hemos hecho en el pasado, conviene recordar que **en materia de instrumentos negociables "[l]os términos prescriptivos se [rigen] por el Artículo 946 del Código de Comercio […]".** M. R. Garay Auban, *Derecho Cambiario,* 1ra ed., Ponce, Ed. Revista de Derecho Puertorriqueño, 1999, pág. 388. Este término prescriptivo se "[aplica] a los 'pagarés de comercio' y [excluye] una categoría de pagarés que no son mercantiles o de comercio". *Íd.; Sociedad de Ganaciales v. Paniagua Diez,* 142 DPR 98 (1996); *San Miguel v. Guevara,* 64 DPR 699 (1945); *Cayere v. Buxó*, 62 DPR 310 (1944).

---

capítulos del *Uniform Commercial Code* (UCC). Posteriormente, el referido estatuto fue enmendado por la Ley Núm. 241-1996. Entre las enmiendas realizadas, se encuentra la sustitución de su título por el de Ley de Transacciones Comerciales, *supra.*

B.

En esa dirección, con relación a los pagarés emitidos a la orden, en *Sociedad de Gananciales v. Paniagua Diez, supra,* resolvimos "que a un pagaré expedido a la orden, le acompaña una presunción *juris tantum*, de ser mercantil, a menos que se pruebe que no procede de operaciones comerciales". Véanse, además, *Blondet v. Garau,* 47 DPR 863 (1935); *Pierluisi v. Monllor,* 42 DPR 7 (1931). Sin embargo, el que un pagaré sea expedido a la orden, por sí solo, no es suficiente para definir la naturaleza del mismo, ya que la presunción se desvanece si se concluye que éste no procede de una operación mercantil. *Sociedad de Gananciales v. Paniagua Diez, supra; Cayere v. Buxó, supra; Pierluisi v. Monllor, supra.* Así pues, hemos decidido "que quien impugne su carácter mercantil tiene el peso de la prueba para derrotar esta presunción y en consecuencia establecer su naturaleza civil". *Sociedad de Gananciales v. Paniagua Diez, supra, págs. 102-103; San Miguel v. Guevara, supra; Cayere v. Buxó, supra.*

Ahora bien, las anteriores expresiones las hemos realizado en el contexto de litigios que versaban sobre el término prescriptivo de **pagarés emitidos a la orden.** En esta ocasión, sin embargo, la controversia de autos es un poco distinta, pues la misma nos dirige a dirimir la calificación mercantil o civil de un **pagaré emitido al**

**portador** que bien puede ser sin garantía hipotecaria o con ésta.

Para resolver esta interrogante, en lo relacionado al pagaré al portador sin garantía hipotecaria, nos vemos en la obligación de hacer una lectura integral de los preceptos mercantiles vigentes en España y Puerto Rico a finales del siglo XIX. Análisis que en el pasado hemos realizado conforme a nuestro deber de dar correcta solución a los planteamientos jurídicos traídos ante nos. Véase, por ejemplo, *Sociedad de Gananciales v. Paniagua Diez*, supra; *Banco de Puerto Rico v. Rodríguez*, 53 DPR 451 (1938).[5]

Así, pues, y en lo que respecta a pagarés al portador, el Código de Comercio de España, Cuba, Puerto Rico y Filipinas, en su Art. 532, disponía lo siguiente:

> Las libranzas a la orden entre comerciantes, y los vales o pagarés también a la orden, que procedan de operaciones de comercio, producirán las mismas obligaciones y efectos que las letras de cambio, excepto en la aceptación, que es privativa de éstas.

---

[5] Particularmente, en *Banco de Puerto Rico v. Rodríguez, supra*, realizamos una deliberación similar -- con el fin de determinar qué constituía un pagaré de comercio -- sobre el artículo que hoy pasamos juicio. En lo pertinente allí indicamos:

> Si el derogado hubiera sido el artículo 946 del Código de Comercio y se hubiera decretado una nueva regla de prescripción, entonces habría que interpretar la nueva regla, pero mientras tal artículo siga como sigue en vigor, habrá que recurrir a los otros preceptos del código que fueron el producto de la misma mente legislativa y a la jurisprudencia sentada, para fijar el alcance de sus disposiciones. De ahí que para decidir lo que son 'pagarés de comercio' a los efectos de aplicar el dicho artículo 946 del Código de Comercio, deba seguirse tomando en consideración lo definido por el propio legislador en otra parte del cuerpo legal de que se trata aunque esa otra parte haya sido derogada, a menos desde luego que se hubiera dispuesto expresamente lo contrario al decretarse la derogación, y ése no es aquí el caso. *Íd.*

> **Los vales o pagarés que no estén expedidos a la orden, se reputarán simples promesas de pago, sujetas al derecho común o al mercantil, según su naturaleza, salvo lo dispuesto en el título siguiente.** (Énfasis suplido) *Código de Comercio vigente en la Península, Cuba, Puerto Rico y Filipinas*, 5ta ed., Madrid, Ed. Góngora, 1894, págs. 329-330.

**Como se puede apreciar, la salvedad dispuesta en las palabras finales del artículo antes mencionado "revela que los pagarés al portador son mercantiles".** (Énfasis suplido) E. Langle Rubio, *Manual de Derecho Mercantil Español*, 1ra ed., Barcelona, Ed. Bosch, 1959, T. III, pág. 438. Ello, pues el título siguiente al del precitado artículo en el Código de Comercio es el que atiende los efectos de los instrumentos al portador. De esta forma, el propio inciso excluye los pagarés al portador -- del análisis de su naturaleza -- para determinar si éstos están sujetos a las normas mercantiles o civiles, estableciendo así su mercantilidad.

Como afirmó Langle Rubio, "aunque la ley no lo diga expresamente: así lo proclama la doctrina, sin discusión". *Íd.* Por lo tanto, los pagarés emitidos al portador -- distinto de los pagarés emitidos a la orden -- serán mercantiles, aunque no procedan de operaciones de comercio. Francisco Blanco Constans, *Estudios Elementales de Derecho Mercantil*, 4ta ed. rev., Madrid, Ed. Reus, 1950, T. III, pág. 414.

Es interesante indicar igualmente que -- aunque la controversia versaba de un pagaré a la orden -- en *Sociedad de Gananciales v. Paniagua Diez, supra*, expresamos **que no existe duda de que los pagarés al portador siempre son mercantiles.** *Sociedad de Gananciales v. Paniagua Diez, supra* (citando a Lorenzo de Benito y Endara, *Manual de Derecho Mercantil*, 3ra ed., Madrid, Victoriano Suárez, 1924, pág. 746).

Establecida la naturaleza mercantil de los pagarés al portador, no cabe duda de que -- conforme a la normativa antes reseñada -- el término prescriptivo aplicable a la controversia ante nos, es el establecido en el Código de Comercio. Al respecto, el Art. 246 de la mencionada disposición legal establece lo siguiente:

> **Las acciones procedentes de la letra de cambio se extinguirán a los tres (3) años de su vencimiento, háyanse o no protestado.**
>
> Igual regla se aplicará a las libranzas y pagarés de comercio, cheques, talones, y demás documentos de giro o cambio, y a los cupones e importe de amortización de obligaciones emitidas conforme a este Código. (Énfasis suplido) 10 LPRA sec. 1908.

Ahora bien, en cuanto al momento en que comienza a transcurrir dicho término prescriptivo de tres (3) años, hemos expresado que el **término prescriptivo de un pagaré pagadero a su presentación "emp[ieza] a contarse, a más tardar, en la fecha en que el mismo [fue] presentado para su cobro".** (Énfasis suplido) *Sucesión Rodríguez v. Virella,*

62 DPR 651, 653 (1943). **Es decir, comienza a decursar al momento en que se exige el pago del instrumento.**

Además, y según establece el Art. 941 del Código de Comercio, 10 LPRA sec. 1903, el referido término prescriptivo sólo admite interrupción por demanda u otro género de reclamación judicial, por el reconocimiento del deudor, o por la renovación del documento en que se fundó el derecho del acreedor. Véase, también, *Pacheco v. Nat'l Western Life Ins. Co.,* 122 DPR 55 (1988). El antedicho artículo indica también que no se interrumpirá la prescripción "por la interpelación judicial, si el actor desistiere de ella, o caducara la instancia, o fuese desestimada la demanda". 10 LPRA sec. 1903.

Sobre el particular, es importante recordar que, en cuanto a la institución de la prescripción, el Código de Comercio "[t]rata únicamente de algunos supuestos aislados de prescripción, invocando expresamente para los demás supuestos las reglas del Derecho común (art. [940])". J. Garrigues y Díaz Cabañete, *Curso de Derecho Mercantil*, 8va ed. rev., Madrid, Bosch, T. II, 1983 pág. 38. Y en lo que respecta a la renuncia a la prescripción, el Código de Comercio guarda silencio.

Así pues, ante ausencia de normas específicas del Código de Comercio, y conforme ha sido sentenciado en el pasado por esta Curia, los preceptos sobre prescripción del Código Civil constituyen derecho supletorio. *Mortensen &*

*Lange v. S.J. Mercantile Corp.*, *supra*; *Puerto Rico Bedding Mfg. Corp. v. Herger*, 91 DPR 519 (1964); *Nieves v. Sucesores de J. Morales Díaz*, 62 DPR 761 (1944). Véase, además, E. Langle Rubio, *op. cit.*, T. III, pág. 116. Procede, pues, que evaluemos la referida normativa.

III.

Como es sabido, en nuestra tradición civilista, la figura de la prescripción es tratada como una materia sustantiva -- y no como materia procesal -- regida por el Código Civil. *Orraca López v. E.L.A.*, 192 DPR 31 (2014); *Fraguada Bonilla v. Hosp. Aux. Mutuo*, 186 DPR 365 (2012); *S.L.G. Serrano-Baez v. Foot Locker*, 182 DPR 824 (2011). Véase, además, *Febo Ortega v. Tribunal Superior*, 102 DPR 405 (1974). Consecuentemente, hemos expresado que la prescripción extintiva es un instituto sustantivo del Derecho Civil, que extingue el derecho a ejercer determinada causa de acción y que está inextricablemente unido al derecho que se intenta reivindicar. *Lázaro Rodríguez v. Departamento de Hacienda,* 2018 TSPR 149, 200 DPR 954 (2018); *Maldonado Rivera v. Suarez*, 195 DPR 182, 192 (2016); *Culebra Enterprises Corp. v. ELA*, 127 DPR 942 (1991). Esta figura tiene como propósito castigar la inercia y estimular el ejercicio rápido de las acciones. *Meléndez Rivera v. CFSE*, 195 DPR 300 (2016); *Orraca López v. E.L.A.*, *supra*, COSSEC *v. Gonzalez López*, 179 DPR 793 (2010). Ello, pues no se debe exponer a las personas por toda la vida, o por largo tiempo, a ser demandadas. *Lozada Torres v. Collazo*, 111 DPR

702 (1981); *Agulló v. ASERCO*, 104 DPR 244 (1975). Véase, además, *Santos de García v. Banco Popular*, 172 DPR 759 (2007).

En esa dirección, prestigiosos tratadistas del tema han señalado que, la "[l]ey fija un límite de tiempo para el ejercicio de los derechos, transcurrido el cual establece una presunción de renuncia o abandono de la acción para reclamarlos". J. Puig Brutau, *Caducidad, prescripción extintiva y usucapión*, 3ra ed. rev., Barcelona, Ed. Bosch, 1996, pág. 92. El establecimiento de estas normas son un asunto de política pública de los estados -- que su determinación recae exclusivamente en la Legislatura -- y que se enmarcan en la amplia discreción que poseen para limitar el tiempo en que se puede interponer una reclamación. *SLG García-Villega v. ELA*, 190 DPR 799 (2014); *Alicea v. Córdoba*, 117 DPR 676 (1986); *Culebra Enterprises Corp. v. ELA*, *supra*. De esta forma, se evita que el poder público proteja indefinidamente los derechos no reclamados por su titular y se fomenta la estabilidad jurídica de las relaciones y la seguridad en el tráfico jurídico. *COSSEC v. González López*, *supra*; *Campos v. Cía. Fom. Ind.*, 153 DPR 137 (2001); *Culebra Enterprises Corp. v. ELA*, *supra*.

**En lo que respecta a la causa de epígrafe, la figura de la prescripción extintiva se rige por los principios que gobiernan el Código Civil.** *Fraguada Bonilla v. Hosp. Aux. Mutuo*, *supra*; *S.L.G. Serrano-Baez v. Foot Locker*, *supra*;

*COSSEC v. González López*, *supra*. **Entre estos principios se encuentra la posibilidad de renunciar a la prescripción ganada, pero no así a la sucesiva**. Tal norma se encuentra codificada en el Art. 1835 de nuestro Código Civil, 31 LPRA sec. 5246, el cual establece que: **"[l]as personas con capacidad para enajenar pueden renunciar la prescripción ganada; pero no el derecho de prescribir para lo sucesivo"**. (Énfasis suplido).

Al examinar la referida disposición -- la cual es idéntica a lo dispuesto en el Art. 1935 del Código Civil de España --[6] el tratadista José Puig Brutau sostiene que:

> **como institución de orden público, la prescripción extintiva no puede quedar sometida a pacto alguno que pueda desvirtuar la intención del legislador. Por ello, el convenio por el que el plazo debiera ser superior al legal significaría una renuncia al derecho de prescribir para lo sucesivo, que prohíbe el art. 1.935-1 C.c.** (Énfasis suplido) Puig Brutau, *op. cit.*, pág. 113.

En su análisis, el tratadista Puig Brutau distingue la renuncia de la prescripción ganada y el derecho de prescribir en lo sucesivo. Así, la prescripción ganada "significa una ganancia patrimonial que ha ingresado en el patrimonio del favorecido y que se ha convertido en un bien

---

[6] El referido artículo lee de la siguiente forma:

> Las personas con capacidad para enajenar pueden renunciar la prescripción ganada pero no el derecho de prescribir para lo sucesivo.

> Entiéndese tácitamente renunciada la prescripción cuando la renuncia resulta de actos que hacen suponer el abandono del derecho adquirido. Código Civil, Art. 1.935 (BOE-A-1889-4763) (España).

susceptible de negociación y renuncia". *Íd.* En cambio, el derecho a prescribir para lo sucesivo no es un derecho patrimonial al que se pueda renunciar. Ello, pues, por el mismo, se establece el carácter imperativo de las normas legales en materia de prescripción, por lo cual es irrenunciable por anticipado. *Íd.*

Cónsono con esta interpretación, otros prestigiosos tratadistas han señalado que es posible renunciar a la prescripción que se ha ganado, pero no al derecho a prescribir para lo sucesivo, ya que la prescripción es de orden público. J. Castán Tobeñas, *Derecho Civil español, común y foral*, 15ta ed. rev., Madrid, Ed. Reus, 2007, T. I V. II, pág. 893. Consecuentemente, "**<u>sería ineficaz cualquier pacto por el que se excluyese la prescripción, pues ello equivaldría a una dejación del derecho a prescribir para lo sucesivo</u>**" (Énfasis suplido) *Íd.;* y "no pueden ampliarse por voluntad de las partes los plazos de prescripción, ya que esto significaría una renuncia anticipada a la prescripción en el plazo legal". *Íd.*

Conviene señalar también que, sobre el asunto aquí tratado, existe amplio consenso en el criterio de la doctrina. **Así, es la opinión más reconocida que todo pacto por el cual se excluyen los plazos legales de prescripción es ineficaz.**[7] Ello se debe, en parte, a la propia

---

[7] Véase, en respaldo de la tesis aquí suscrita, los criterios de: M. Albaladejo, Derecho Civil, 19 ed. rev., Madrid, Ed. EDISOFER, 2013, T.1, pág. 630; L. Díez-Picazo y Ponce de León, *La Prescripción extintiva: En el Código Civil y en la jurisprudencia del Tribunal*

jurisprudencia del Tribunal Supremo de España, la cual, interpretando el precitado artículo, ha concluido que el mismo:

> sanciona y eleva a positiva, una norma de derecho admitida de antiguo en la legislación castellana -- ley tercera, título II, libro II, del Fuero real --, y en la Romana, y de ellas trae origen el artículo conforme en un todo con la naturaleza jurídica de la prescripción, que es de Derecho público, por hallarse establecida en pro de un interés social, **y de ahí, que no pueda admitirse su renuncia de antemano y con carácter general**, pues si ello fuera posible, llegaría a ser absolutamente ineficaz la institución, pues en todos los contratos se exigiría esa renuncia[…]". (Énfasis suplido) STS 30 enero de 1928.

Así también, al examinar el ordenamiento del estado de Luisiana -- por ser éste de origen civilista -- encontramos que el Art. 3449 de su Código Civil establece lo siguiente: "[p]rescription may be renounced **only after it has accrued**." (Énfasis suplido). El referido artículo es equivalente al Art. 3460 del Código Civil de 1870 el cual disponía que: "[o]ne cannot renounce a prescription not yet acquired, but it is lawful to renounce prescription when once acquired."

---

*Supremo*, 2da ed., Pamplona, Ed. Aranzadi, 2007, en las págs. 36-46; J. R. Vélez Torres, *Derecho de Obligaciones*, 2da ed. rev., San Juan, Ed. Programa de Educación Jurídica Continua de la Universidad Interamericana de Puerto Rico, 1997, en las págs. 383-384; M. Albaladejo & F. Reglero Campos, *Comentarios al Código Civil y compilaciones forales,* 1ra ed., Madrid, Ed. Revista de Derecho Privado, 1994, T. XXV, V. II en las págs. 30-32; G. Borda, *Tratado de Derecho Civil*, 4ta ed. rev., Buenos Aires, Ed. Perrot, 1976, T. II, V. V, en las págs. 107-108; J. Garrigues y Díaz Cabañete, Dictámenes de Derecho Mercantil, 1ra ed., Madrid, Ed. Imprenta Aguirre, 1976, V. II, en la pág. 843; J. M. Manresa y Navarro, *Comentarios al Código Civil Español*, 6ta ed. rev., Madrid, Ed. Reus, 1973, T.XII, en las págs. 1038-1040; y E. Vázquez Bote, *Derecho Civil de Puerto Rico*, 1ra ed., San Juan, Ed. FAS, 1972, T. I, Vol. II, en las págs. 542-543; E. Langle Rubio*, Manual de Derecho Mercantil Español*, 1ra ed., Barcelona, Ed. Bosch, 1959, T. III, pág. 119.

B. Wall Dart, *Civil Code of the State of Louisiana: Revision of 1870*, 2da ed., Indianapolis, Ed. The Bobbs-Merrill, 1945, V. II, pág. 895.

De otra parte, el Art. 3471 del Código Civil de Luisiana establece que "[a] juridical act purporting to exclude prescription, to specify a longer period than that established by law, or to make the requirements of prescription more onerous, is null." Conforme a las precitadas disposiciones, la Corte Suprema de Luisiana ha concluido que la prohibición a la renuncia de la prescripción futura es una regla de orden público, por lo cual no se puede sustituir el plazo prescriptivo mediante acuerdo. *E.L. Burns Co. Inc, v. Cashio,* 302 So.2d 297 (1974). Véanse, además, *Taranto v. Louisiana Citizens Property Ins. Corp.,* 2010-0105 (La. 3/15/11), 62 So. 3d 721 (2011); *Nabors Oil & Gas Co. v. Louisiana Oil Refining Co.,* 151 La.361, 91 So. 765 (1922).[8]

En fin, como se ha expuesto, en nuestro ordenamiento jurídico se han instituido determinados mecanismos a disposición del titular de un derecho que se ha lesionado.

---

[8] De igual modo, los tratadistas franceses -- comentando un precepto similar del Código Civil de aquel país -- expresan equivalente criterio. Así, la prescripción no se puede derogar por convenciones particulares. F. Laurent, *Principios de Derecho Civil Francés*, 1ra ed., Puebla, Ed. Barroso, Hermano y Comp., 1900, T. XXXII, pág. 208. Igualmente, indican que la prohibición por adelantado a la prescripción futura es consecuencia del carácter de orden público de tal instituto. A. Colin & H. Capitant, *Curso Elemental de Derecho Civil*, 4ta ed. rev., Madrid, Ed. Reus, 1960, T. III, pág. 262. Además, si fuese válida la renuncia a la prescripción, ésta sólo sería un medio ilusorio para mantener el orden público. *Íd*. Ello sería así, toda vez que aquellos en cuyo beneficio pudiera establecerse esta obligación no dejarían de exigir su renuncia. *Íd*.

Sin embargo, el propio ordenamiento establece la advertencia de que estos mecanismos no son eternos y están sujetos a la necesidad de instaurar un límite de tiempo al ejercicio de estos. Así, mediante la institución de la prescripción se busca apuntalar la seguridad jurídica al fijar un límite objetivo en el cual se pueden ejercer las pretensiones jurídicas. En definitiva, todo lo anterior responde a la necesidad de mantener la paz social y el orden público. Éstos son los fundamentos que sirvieron de inspiración al legislador cuando se codificó una prohibición de renunciar a prescribir para lo sucesivo en el artículo 1838 de nuestro Código Civil, supra.[9]

IV.

Por último, y por ser también pertinente a la controversia que nos ocupa, conviene recordar que la hipoteca es "un derecho real, de naturaleza accesoria e indivisible y de constitución registral". *Distribuidores Unidos de Gas de Puerto Rico, Inc. v. Sucesión Declet*

---

[9] Habida cuenta de que la prescripción es un instituto propio del Derecho Civil, hemos fundamentado nuestro análisis en la doctrina y en la jurisprudencia persuasiva aplicable. No obstante, bajo la figura análoga de la prescripción en el *common law* -- el *statute of limitations* -- es posible alcanzar igual resultado. Ello es así, dado que, son múltiples las jurisdicciones estadounidenses que han considerado ineficaz la renuncia a las normas legales de prescripción. Por ser los referidos preceptos, unos de orden público. Véase, por ejemplo, *Ross v. Ross*, 96 Ariz. 249, 393 P2d 933 (1964); *Forbach v. Steinfeld*, 34 Ariz. 519, 273 P. 6 (1928); *Van Diest v. Towle*, 116 Colo. 204, 179 P2d. 984 (1947); *Fist Nat'l Banl v. Mock*, 70 Colo. 517, 203 P. 272 (1921).

En particular, en *Kassner & Co. v. City of New York*, 46 N.Y.2d 544 (1979), la Corte Suprema del estado de Nueva York, en lo pertinente, expresó: "[i]f the agreement to 'waive' or extend the Statute of Limitations is made at the inception of liability it is unenforceable because a party cannot in advance, make a valid promise that a statute founded in public policy shall be inoperative". (Citas internas omitidas).

*Jiménez*, 196 DPR 96 (2016); *Westernbank v. Registradora*, *supra.* Véase, además, L. R. Rivera Rivera, *Derecho registral inmobiliario puertorriqueño*, 3ra. ed., San Juan, Jurídica Editores, 2012, pág. 485. En particular, el Art. 1774 del Código Civil, 31 LPRA sec. 5042, establece que "es indispensable, para que la hipoteca quede válidamente constituida, que el documento en que se constituya sea inscrito en el registro de la propiedad". **Así, pues, hemos resuelto que una escritura de hipoteca no inscrita carece de existencia jurídica como derecho real**. *S.J. Credit, Inc. v. Ramírez*, 113 DPR 181 (1982); *Gaztambide v. Sucn. Ortiz*, 70 DPR 412 (1949); *Beiró v. Vázquez*, 52 DPR 601 (1938). Véanse, además, J. Puig Brutau, *Fundamentos de Derecho Civil*, Barcelona, Ed. Bosch, 1974, T. III, pág. 61; J. L. Lacruz Berdejo y F. A. Sancho Rebullida, *Derecho Inmobiliario Registral*, Barcelona, Ed. Bosch, 1968, pág. 131.

De conformidad con lo anterior, en *Rosario Pérez v. Registrador*, 115 DPR 491 (1984), indicamos que "la garantía de un crédito personal no se constituye en garantía real -- hipoteca -- hasta que es inscrita en el Registro". Ello se debe a que es mediante la inscripción, como acto constitutivo, que "la garantía produce efectos reales y adviene eficacia *erga omnes* al ámbito de los derechos reales […]". Rivera Rivera, *op. cit.,* pág. 487. Obsérvese igualmente, que el requisito de inscripción también está

contenido en la legislación hipotecaria. Así, el Art. 188 de la Ley Hipotecaria, Ley Núm. 198 de 8 de agosto de 1979, 30 LPRA sec. 2605 (ed. 2005), -- vigente al momento de los hechos del caso de autos --, como también el actual Art. 57 de la Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico, Ley 210-2015, 30 LPRA sec. 6084, establecen la inscripción de la escritura pública donde se consignó dicho negocio jurídico como requisito para la constitución de la hipoteca.

Es decir, "[l]a hipoteca no es un derecho independiente, o sea, con existencia propia, sino que vive al servicio de un crédito […]". R. M. Roca Sastre, *Derecho Hipotecario*, Barcelona, Ed. Bosch, 2007, T. VIII, pág. 97. La hipoteca constituye un derecho accesorio al pagaré que nace y muere con éste. *Íd.* Siendo ello así, al atribuírsele al crédito la cualidad de elemento principal de la relación jurídica. *Íd.* De este modo, nuestro ordenamiento sigue la orientación del criterio romano, en el cual la hipoteca subsiste mientras el crédito garantizado existe y no a la inversa. *Íd.*

Recordemos que, conforme a lo resuelto por este Tribunal en *Westernbank v. Registradora*, *supra*, en escenarios donde se está ante un pagaré al portador con garantía hipotecaria **debidamente inscrita en el Registro de la Propiedad**, los términos prescriptivos son aquellos aplicables a la acción hipotecaria. Allí expresamos que el

término prescriptivo para exigir el cumplimiento de un pagaré hipotecario vencedero a la presentación "es el de la acción hipotecaria". Lo mismo sostenía, dicho sea de paso, la Ley Hipotecaria de 1979 en su Art. 180 ("La acción hipotecaria prescribirá a los veinte (20) años contados desde que pueda ser ejercitada **con arreglo al título inscrito**".). El día que *se pueda instar la acción hipotecaria* se refiere "al momento del vencimiento del crédito según se consignó en el título". *Soto Solá v. Registradora*, 189 DPR 653, 666 (2013); *Westernbank v. Registradora*, *supra*. Véanse, además, Arts. 119, 120 y 121 de la Ley del Registro de la Propiedad Inmobiliaria, Ley Núm. 2010-2015.

Expuesta la normativa aplicable, procedemos, pues, a disponer de las controversias ante nos.

V.

A.

Como mencionamos al comienzo de nuestro escrito, el presente caso nos plantea resolver la validez de una cláusula de renuncia a las normas legales de prescripción incluida en el contrato bajo estudio. En específico, debemos solucionar si, como consecuencia de este acuerdo contractual, una acción con término prescriptivo fijado en ley puede convertirse -- mediante la voluntad de las partes -- en una acción imprescriptible. Contestamos dicha interrogante en la negativa.

Y es que, como ha quedado claramente evidenciado, según el Art. 1838 de nuestro Código Civil y la mejor doctrina que lo interpreta, **una disposición contractual, en la cual las partes contratantes renuncian a los plazos prescriptivos fijados en ley <u>para lo sucesivo</u>, es una ineficaz.**[10] **Sobre ello no albergamos duda. Se cometió, pues, el error señalado.**

### B.

Resuelta la controversia sobre la renuncia a los estatutos prescriptivos, nos resta examinar si a la luz de los plazos legales de prescripción procede o no la moción de desestimación por prescripción presentada por el señor Roldán Morales ante el Tribunal de Primera Instancia.

Recordarán que, en el presente caso, el matrimonio Roldán Rodríguez otorgó una escritura para constituir una hipoteca en garantía de un pagaré previamente suscrito. **Al momento de presentarse la demanda, dicha escritura pública no gozaba de inscripción por el Registro de la Propiedad, por lo que ésta no alcanzó a perfeccionar jurídicamente el derecho real de hipoteca.**[11]

---

[10] En esta ocasión, no nos estamos expresando sobre otros tipos de acuerdo que modifican las disposiciones legales de prescripción -- los cuales no están en controversia en el presente auto --.

[11] Es menester señalar que, a pesar de que al momento de presentarse la demanda esa escritura pública aún no estaba formalmente inscrita, sí quedó demostrado que existía un asiento de presentación para la misma. Esa realidad podría posibilitar, de plantearse en su día, una acción hipotecaria si se acredita al tribunal que el instrumento presentado fue inscrito posteriormente. Recordemos que cuando una escritura de hipoteca es debidamente inscrita, los efectos de su inscripción se retrotraen a la fecha de presentación en el Registro de la Propiedad. Gasolinas P.R. v. Registrador, 155 DPR 652 (2001).

Ahora bien, de las alegaciones de las partes ante el Tribunal de Primera Instancia no se desprende la fecha en que se presentó para su cobro el consabido instrumento. Por tanto, no hemos advenido en conocimiento de la fecha exacta en la que debió iniciar el término prescriptivo. A falta de este dato esencial, las partes no nos han puesto en posición de determinar si ha transcurrido o no el plazo prescriptivo fijado en ley.

Corresponde devolver el caso al foro primario para dilucidar tan importante hecho. Una vez dilucidado, le corresponde a dicho foro determinar si procede o no la moción de desestimación por prescripción presentada por el señor Roldán Morales.

VI.

Así las cosas, aunque por fundamentos distintos, se confirma la determinación del Tribunal de Apelaciones. Se devuelve el caso al foro de instancia para que proceda de conformidad con lo antes expuesto. En particular, para que determine la fecha en que se presentó para su cobro el instrumento negociable y, en consecuencia, si la demanda estaba prescrita o no.

Se emitirá sentencia de conformidad.


Ángel Colón Pérez
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Gustavo E. Haedo Castro, su
esposa Noemí López Basearrechea
y la Soc. Legal de Gananciales
compuesta por ambos Representado
por Vidal Pérez Cotto

    Recurridos

               v.                  CC-2017-315   Certiorari

Aníbal Roldán Morales, su
Esposa Carmen Luisa Rodríguez
Roldán, y la Sociedad Legal de
Gananciales compuesta por ambos

    Peticionarios

SENTENCIA

En San Juan, Puerto Rico a 17 de septiembre de 2019.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de la presente Sentencia, se confirma la determinación del Tribunal de Apelaciones. Se devuelve el caso al foro de instancia para que proceda de conformidad con lo antes expuesto. En particular, para que determine la fecha en que se presentó para su cobro el instrumento negociable y, en consecuencia, si la demanda estaba prescrita o no.

Así lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez concurre con el resultado y hace constar la siguiente expresión:

La Juez Asociada señora Rodríguez Rodríguez concurre con el resultado, puesto que entiende que no procedía la desestimación del pleito y que lo correcto en Derecho es devolver el caso al Tribunal de Primera Instancia para la continuación de los procedimientos. Si bien las expresiones de este Tribunal relacionadas con la invalidez de las cláusulas de renuncia a los términos prescriptivos conforme a l

dispuesto en el Art. 1838 del Código Civil, se ajustan a Derecho, los señalamientos de error de los peticionarios se ciñen al transcurso de los términos prescriptivos y no a la interpretación que hiciera de dichas cláusulas el Tribunal de Apelaciones, toda vez que el foro primario meramente declaró no ha lugar la solicitud de desestimación sin expresión alguna.

Tratándose de un pagaré al portador vencedero a la presentación para el cual se desconoce la fecha en la que se exigió su pago le corresponde al foro primario evaluar la evidencia pertinente a ese hecho medular. Asimismo, y en virtud de que -en esta etapa de los procedimientos- el referido pagaré aparenta no estar garantizado por una hipoteca debidamente inscrita en el Registro de la Propiedad, pues solo se indica que fue presentada, este Tribunal no está en posición de especular sobre los términos prescriptivos aplicables a los distintos reclamos que originan este pleito. En todo caso, corresponderá al Tribunal de Primera Instancia examinar la procedencia de una acción hipotecaria conforme a la evidencia que presenten las partes en torno a la configuración y existencia de ese derecho real.

La Jueza Presidenta Oronoz Rodríguez no interviene. El Juez Asociado señor Rivera García no intervino.


José Ignacio Campos Pérez
Secretario del Tribunal Supremo